UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY LERAY STEVENSON,

        Plaintiff,

v.                                    Case No. 18-2553-KHV

CHRISTINA DUNN-GYLLENBORG,

        Defendant.

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and**
**<u>REPORT AND RECOMMENDATION</u>**

The pro se plaintiff, Ricky Leray Stevenson, has moved to proceed with this action *in forma pauperis* (ECF No. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that, although plaintiff should be granted leave to proceed *in forma pauperis*, his action be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2).

I.    <u>Motion to Proceed In Forma Pauperis</u>

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] The decision to grant or

---

[1] 28 U.S.C. § 1915(a)(1).

[2] *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).

-2-

deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.³  Based on the information contained in plaintiff's affidavit, plaintiff has shown a financial inability to pay the required filing fee.  Plaintiff's affidavit indicates that he's unemployed with approximately $1,425.00 in monthly expenses.  Although plaintiff claims approximately $10,000 of cash on hand, he indicates the amount is to be used to pay debts of a family estate for which he's the administrator.  The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II.     Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.⁴  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."⁵  The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners

---

³*Id.*

⁴28 U.S.C. §1915(e)(2)(B).

⁵*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

alike.[6]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]  This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[9]  The "court need not accept allegations that state only legal conclusions."[10]  Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[11]

Plaintiff's complaint challenges orders recently issued in child-custody proceedings pending in the District Court of Johnson County, Kansas.  Plaintiff seeks declaratory and injunctive relief, including an "injunction blocking [a] No Contact order and restoring [his] Parenting Time," a declaration that "the Child Interview and Family Assessment [is] Unconstitutional and a violation of the Federal Due Process Clause," a

---

[6]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[7]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11]*Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

declaration that defendant's actions do not "provid[e] equal protection under the Constitution" and are "a Violation of Federal Due Process," a declaration that this court is the "permanent jurisdiction for this case," and a declaration that plaintiff is "entitled to relief based off of male discrimination in a child custody matter."[12]

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[13] Accordingly,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state … civil … proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.[14]

Here, all three *Younger* conditions are met. Plaintiff's complaint indicates the state-court proceedings are ongoing. The Kansas courts provide plaintiff an adequate forum to hear the issues raised by plaintiff's complaint.[15] Finally, the Tenth Circuit has

---

[12] ECF No. 1 at 11.

[13] *Schwab v. Kansas*, 691 F. App'x 511, 514 (10th Cir. 2017) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *Younger v. Harris*, 401 U.S. 37 (1971).

[14] *Id.*

observed that "custody issues are traditional state-law matters that implicate important state interests."[16]  As indicated above, the court may nonetheless decline to apply the *Younger* abstention doctrine in extraordinary cases such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown …"[17]  The undersigned finds plaintiff's allegations insufficient to satisfy the "'heavy burden' required 'to overcome the bar of *Younger* abstention.'"[18]  Accordingly, the undersigned recommends that the presiding U.S. District Judge, Kathryn H. Vratil, abstain from exercising jurisdiction over plaintiff's claims for injunctive and declaratory relief, and dismiss plaintiff's claims without prejudice.

 Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If

---

[15] The court notes plaintiff's assertion that defendant "has hired the Kansas Supreme Court as its Attorney for a matter relating to [the underlying child custody proceedings]," presenting "a conflict of interest for the Court of Appeals and Supreme Court of Kansas to hear any appeal." ECF No. 1 at 11.  This court finds this allegation unclear and insufficient to deem the Kansas courts an improper forum.

[16] *Chapman v. Barcus*, 372 F. App'x. 899, 902 (10th Cir. 2010) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[17] *Schwab v. Kansas*, No. 16-4033, 2017 WL 2831508, at *8 (D. Kan. June 30, 2017) (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)).

[18] *Id.*
-5-

plaintiff does not timely file his objections, no court will allow appellate review.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated October 17, 2018, at Kansas City, Kansas.

                                       s/ James P. O'Hara
                                       James P. O'Hara
                                       U.S. Magistrate Judge

O:\ORDERS\18-2553-KHV-3.docx