# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY STEVENSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 18-2553-KHV |
| ) | |
| CHRISTINA DUNN-GYLLENBORG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff, Ricky Stevenson, proceeds pro se in this action for declaratory and injunctive relief against Judge Christina Dunn-Gyllenborg of the District Court of Johnson County, Kansas. Complaint (Doc. #1) filed October 15, 2018. On October 17, 2018, Magistrate Judge James P. O'Hara granted plaintiff leave to proceed in forma pauperis. Order Granting Leave To Proceed In Forma Pauperis And Report And Recommendation (Doc. #5). Judge O'Hara also recommended that the Court abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971), and dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim. See id. at 5. This matter is before the Court on plaintiff's Objection To Report And Recommendations (Doc. #6) filed October 22, 2018 and plaintiff's Motion For Emergency Injunction (Doc. #4) filed October 15, 2018. For reasons stated below, the Court overrules plaintiff's objection, adopts Judge O'Hara's report and recommendation in its entirety and dismisses this case pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. Accordingly, the Court also denies as moot plaintiff's Motion For Emergency Injunction.

## Factual Background

Plaintiff's claims arise out of an ongoing state child custody matter in which plaintiff, the

child's father, is the respondent. Doc. #1 at 3. Plaintiff alleges that a state judge has acted unfairly toward him and ignored serious allegations against the child's mother. He claims that the judge's entry of a no contact order has caused him and his child irreparable harm. Plaintiff states that not seeing his son has caused depression and insomnia, and that plaintiff has missed his child's school events. Doc. #6 at 2. Plaintiff alleges numerous constitutional violations and asks the Court to: (1) "declare the child interview and family assessment unconstitutional and a violation of the Federal Due Process Clause;" (2) declare the actions of the state judge to be in violation of Equal Protection and Due Process; (3) either declare that this Court has permanent jurisdiction over the custody dispute or transfer the case to Jackson County, Missouri; (4) declare that plaintiff is entitled to relief based on "male discrimination in a child custody matter;" and (5) enter other appropriate declaratory relief. Doc. #1 at 10-11. He also argues that he has filed a motion to recuse in state court, but that court has not yet ruled on it. Plaintiff requests that the Court restore his right to custody of his child and reinstate the original parenting plan. Doc. #4 at 3.

On October 17, 2018, Judge O'Hara recommended that applying the doctrine of Younger abstention, the Court dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Doc. #5 at 1, 5.

**Legal Standards**

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo those portions of the report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge

recommendation. Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995). When ruling on objections to the magistrate judge's findings and recommendations, the Court may receive further evidence. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, no additional evidence is necessary, and the Court reviews the report and recommendation on the record which already exists.

## Analysis

Under Younger, a federal district court must abstain from hearing a case which interferes with certain state proceedings. Though the primary application of Younger involves state criminal proceedings, the doctrine has been extended to ongoing state civil and administrative proceedings as well. See Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999). Younger dictates that a federal district court abstain from exercising jurisdiction over federal claims when (1) a state criminal, civil or administrative proceeding is pending; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Id. Absent extraordinary circumstances, abstention is mandatory if these elements are satisfied. See id. "Extraordinary circumstances" include where the state proceeding is motivated by a desire to harass, is conducted in bad faith or will cause immediate irreparable injury. Perez v. Ledesma, 401 U.S. 82, 85 (1971); see Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975).

Plaintiff does not directly challenge Judge O'Hara's finding that his claims satisfy the three Younger conditions. See, e.g., Doc. #6 at 1 ("I respectfully agree that this is a traditional state-law matter that implicate[s] important state interests"). Plaintiff does not assert improper motive,

bad faith or harassment. Instead, plaintiff argues that this case is extraordinary because the capricious state court orders have caused "tremendous irreparable harm." Id. at 2. An allegation of irreparable harm by itself, however, is insufficient to satisfy the "extraordinary circumstances" exception in Younger. 401 U.S. at 46. In addition to establishing both "great and immediate" harm, plaintiff must show that the threat to his rights under federal law cannot be adequately adjudicated in the state proceeding. Id.; Moore v. Sims, 442 U.S. 415, 423 (1979); see Kugler v. Helfant, 421 U.S. 117, 124-125 (1975) (relaxation of deference accorded to state process only if extraordinary circumstances render state court incapable of fairly and fully adjudicating federal issues before it; circumstances must be "extraordinary" in sense of creating extraordinarily pressing need for immediate federal equitable relief, not merely in sense of presenting highly unusual factual situation). Plaintiff has not shown that the state courts cannot adequately address his claims. Plaintiff argues that the state court has delayed ruling on his motion to recuse, but he concedes that he has an available remedy through a writ of mandamus in the state appellate court. Doc. #6 at 2. In sum, plaintiff has not shown extraordinary circumstances which would distinguish this case from other child custody cases in which federal courts routinely apply Younger abstention. See Moore, 442 U.S. at 435 (Younger abstention applies in child welfare litigation); see also Gordon v.(FNU)(LNU), 240 F. App'x 785, 787 (10th Cir. 2007) (under Younger, court lacks jurisdiction to inquire into constitutionality of state custody proceeding); Hennelly v. Flor de Maria Oliva, 237 F. App'x 318, 320 (10th Cir. 2007) (Younger prevents federal district court from interfering with ongoing state custody proceeding).

**IT IS THEREFORE ORDERED** that plaintiff's Objection To Report And Recommendations (Doc. #6) filed October 22, 2018 is **OVERRULED**. The Court approves and

adopts in its entirety Judge O'Hara's Order Granting Leave To Proceed In Forma Pauperis And Report And Recommendation (Doc. #5) filed October 17, 2018.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Doc. #1) filed October 15, 2018 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Emergency Injunction (Doc. #4) filed October 15, 2018 is **OVERRULED** as moot.

Dated this 29th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge